# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SEDANO, TYANA , M a minor by and through her guardian ad litem, MARIA HERNANDEZ; HERNANDEZ, MARIA individually, SEDANO  MIGUEL,

## DEFENDANTS

UNITED STATES OF AMERICA,

**(b)** County of Residence of First Listed Plaintiff _____

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Law Offices of Bruce G. Fagel and Associates
100 North Crescent Drive Suite 360
Beverly Hills, California 90210
(310) 281-8700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- X 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff, and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | X 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | X 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- X 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 2671 Federal Tort Claims Act

Brief description of cause:
Medical Malpractice. Brain damage to child at delivery at Kern Medical Center

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 25,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes   X No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
February 11, 2014

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

1  Bruce G. Fagel, State Bar No. 103674
   Eduardo J. Ascencio, State Bar No. 182061
2  Law Offices of Bruce G. Fagel & Associates
   100 North Crescent Drive, Suite 360
3  Beverly Hills, California 90210

4  Tel: (310) 281-8700
   Fax: (310) 281-5656
5  E-mail:brucefagel@fagellaw.com
   E-mail:eduardoascencio@fagellaw.com
6
   Attorneys for Plaintiffs
7

8

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12  TYANA MARIE SEDANO, a minor, by        Case No.
    and through her guardian ad litem,
13  MARIA HERNANDEZ; MARIA HERNANDEZ,      COMPLAINT FOR DAMAGES FOR
    individually, MIGUEL SEDANO,          MEDICAL MALPRACTICE
14
              Plaintiffs,                 1. Negligence
15                                        2. Negligence
    vs.                                   3. Negligent Infliction
16                                           of Emotional Distress
    UNITED STATES OF AMERICA,             4. Loss of Consortium
17
              Defendant.
18

19      Comes now TYANA MARIE SEDANO, a minor, by and through her

20  *guardian ad litem*, MARIA HERNANDEZ, MARIA HERNANDEZ individually,

21  and MIGUEL SEDANO, hereinafter referred to as Plaintiffs, and for

22  causes of action against the Defendant UNITED STATES OF AMERICA

23  and alleges in count(1) negligence and medical malpractice by the

24  minor TYANA MARIE SEDANO for injuries during her mother's

25  pregnancy, and her birth and delivery process resulting in severe

26  neurological injuries and brain damage; count(2) for negligence

27  and medical malpractice by MARIA HERNANDEZ for personal injuries

28  during her pregnancy, labor and delivery of the minor, TYANA

Law Offices
of
Bruce G. Fagel
&
Associates

1

1  MARIE SEDANO, resulting in a ruptured uterus; count(3) for

2  negligence and emotional distress injuries by MARIA HERNANDEZ

3  occurring during the birth and delivery of her daughter, brought

4  pursuant to *Burgess v. Superior. Court* (1992) 2 Cal.4th 1064.

5  Count 4 is brought for loss of spousal consortium by MIGUEL

6  SEDANO, the husband of MARIA HERNANDEZ, and father of TYANA MARIE

7  SEDANO.

8  <u>Jurisdiction and Venue</u>

9  1.   This Court has jurisdiction over this action because

10  it arises under the Federal Tort Claims Act(FTCA), Title 28,

11  2671, *et seq*, of the United States Code. This Court is vested

12  with jurisdiction pursuant to 28 U.S.C. 1346(b). The matter in

13  controversy exceeds, exclusive of interest and costs, the sum of

14  $75,000.

15  2.   Plaintiffs have exhausted all administrative remedies.

16  On or about August 12,2013, Plaintiffs presented the claims

17  alleged in the complaint to the UNITED STATES OF AMERICA on

18  Standard Form 95, and the Department of Health & Human Services,

19  the appropriate Federal agency for such claims in the amount of

20  $25,000,000.00 for Plaintiffs TYANA MARIE SEDANO, $600,000.00 for

21  MARIA HERNANDEZ and $250,000.00 for MIGUEL SEDANO. Copies of the

22  Standard Form 95 claims are attached collectively as Exhibit "A,"

23  and incorporated herein by reference.

24  The Department of Health Services denied the claims on

25  January 31, 2014; thus, there has been a final disposition of the

26  claims as required by 28 U.S.C. §§ 2401(b), 2675(a), before suit

27  is filed. Plaintiffs are authorized to file the instant complaint

28  for medical malpractice, which has been duly commenced within 6

Law Offices
*of*
Bruce G. Fagel
&
Associates

1 months of the denial of Plaintiffs' claims as herein alleged. A
2 copy of the letter dated January 31, 2014, denying the
3 plaintiffs' claims, received from the Department of Health
4 Services is attached as Exhibit "B," and incorporated herein by
5 reference.

6     3.    This action for medical malpractice and personal
7 injuries arises from actions by members of the Public Health
8 Services and employees of federally supported medical clinics by
9 way of the *Federally Supported Health Centers Assistance Act.*
10 Title 42 U.S.C. §233(g),(k), providing that the *Federal Tort*
11 *Claims Act* is the exclusive remedy against the United States for
12 such injuries caused by employees of a deemed community health
13 center.

14     4.    Plaintiffs' claims arise from medical care and
15 treatment received from the Clinica Sierra Vista in Bakersfield,
16 California, a federally supported medical clinic and grantee of
17 the United States Department of Health & Human Services, and from
18 Doreen Yuki Takordoro, D.O., Chibuikie Enyereibe Anucha, M.D.,
19 and other medical providers, who were at all times relevant,
20 physicians and health care providers, all of whom were employees
21 of Clinica Sierra Vista, acting within the course and scope of
22 their agency and employment.

23     5.    The United States District Court, Eastern District of
24 California, sitting Fresno, is the proper court for venue for
25 these actions, pursuant to 28 USC § 1402(b), wherein the acts or
26 omissions complained of occurred, and also pursuant to Eastern
27 District Rule 120(d), as Clinica Sierra Vista, is situated at 815
28 Dr. Martin Luther King Jr., Blvd., in the City of Bakersfield,

Law Offices
*of*
Bruce G. Fagel
&
Associates

Complaint for Damages for Medical Malpractice

1   Kern County, California, and the negligent actions of the

2   Defendant, and its agents and employees, occurred within said

3   County of Kern, and within the Eastern District of the United

4   States District Court of California.

5       Yuki Takordoro, D.O., is a physician and surgeon, whose

6   official address listed by the Osteopathic Medical Board of the

7   State of California is 815 Dr. Martin Luther King Jr., Blvd.,

8   Bakersfield, CA 93307.

9       Chibuikie Enyereibe Anucha, M.D., is a physician and

10  surgeon, whose official address listed by the Medical Board of

11  the State of California is Lamont Community Health Center, 8787

12  Hall Road, Lamont, California 93241 which is located in Kern

13  County, California.

14              <u>Status of the Parties</u>

15      6.    Plaintiff MARIA HERNANDEZ is the mother of TYANA MARIE

16  SEDANO, a minor, born January 3, 2013 at Kern Medical Center, in

17  Kern County, California. MIGUEL SEDANO is the spouse of MARIA

18  HERNANDEZ and the father of TYANA MARIE SEDANO. Plaintiffs are

19  residents of Lamont, Kern County, California.

20      7.    Per Eastern District Rule 202(a), the Guardian ad

21  Litem of the minor plaintiff is her mother MARIA HERNANDEZ. On or

22  about July 25, 2013, she was appointed the minor plaintiff's

23  guardian *ad litem* by the Kern County Superior Court in the matter

24  entitled TYANA SEDANO, a minor, by and through her guardian ad

25  litem, MARIA HERNANDEZ, MIGUEL SEDANO and MARIA HERNANDEZ,

26  individually,  Plaintiffs, vs. COUNTY OF KERN, doing business as

27  KERN MEDICAL CENTER and DOES 1-250, inclusive, Defendants. It is

28  a medical malpractice action for birth injuries, similar to this

1   action, and bears case number S-1500-CV-279904. It is an active

2   case. A copy of the order appointing the mother the guardian ad

3   litem of the minor is attached as Exhibit "C."

4       8.   Defendant UNITED STATES OF AMERICA acting through the

5   Department of Health & Human Services, is the grantor of federal

6   status and funding upon Clinica Sierra Vista, who in turn

7   employed Doreen Yuki Takordoro, D.O., Chibuikie Enyereibe Anucha,

8   M.D., and other health care providers, at the Clinica Sierra

9   Vista, as its agents and employees, all of whom negligently

10  treated and cared for the plaintiffs MARIA HERNANDEZ and TYANA

11  MARIE SEDANO during the minor's pregnancy, labor, delivery, birth

12  and thereafter.

13      Whenever the term "Defendant" appears it refers to the

14  UNITED STATES OF AMERICA, and its grantees Clinica Sierra Vista,

15  and the employees and agents Doreen Yuki Takordoro, D.O.,

16  Chibuikie Enyereibe Anucha, M.D., and other health care providers

17  at the Clinic Sierra Vista.

18  <u>General Allegations</u>

19      9.   All of the facts, acts, events and circumstances herein

20  mentioned and described occurred in the County of Kern, State of

21  California.

22      10.  At all times herein mentioned, Doreen Yuki Takordoro,

23  D.O., Chibuikie Enyereibe Anucha, M.D., were, and now are,

24  physicians and surgeons, holding themselves out as duly licensed

25  to practice their profession under and by virtue of the laws of

26  the State of California and were, and now are, engaged in the

27  practice of their profession in the State of California.

28      11.  At all times herein mentioned Clinica Sierra Vista

Law Offices
of
Bruce G. Fagel
&
Associates

Complaint for Damages for Medical Malpractice

1  was a California Corporation, providing health care services as a

2  federally supported medical clinic and grantee of the United

3  States Department of Health & Human Services, who employed

4  Doreen Yuki Takordoro, D.O., Chibuikie Enyereibe Anucha, M.D.,

5  and other health care providers.

6      12.   All of the acts complained of herein by Plaintiffs

7  against said Defendant were done and performed by said Defendant

8  by and through its duly authorized agents, servants and

9  employees, listed above, each of whom and all of whom were at all

10 times mentioned herein acting within the course, purpose, and

11 scope of their said agency, ostensible or actual, service and

12 employment.

13                                    I.

14     **PLAINTIFF TYANA MARIE SEDANO, A MINOR, BY AND THROUGH HER**

15     **GUARDIAN AD LITEM MARIA HERNANDEZ ALLEGES FOR A CAUSE**

16     **OF ACTION FOR NEGLIGENCE/MEDICAL MALPRACTICE AGAINST**

17     **DEFENDANT AS FOLLOWS:**

18     13.   Plaintiff TYANA MARIE SEDANO repeats and repleads each

19 and every allegation contained each of the foregoing paragraphs,

20 and incorporates the same herein by reference.

21     14.   At all times herein mentioned, and prior thereto, the

22 Plaintiff was in the exclusive control of the Defendant, and that

23 at no time prior to the events, conduct, activities, care and

24 treatment herein complained of did the Defendant obtain

25 knowledgeable, informed consent for said care, treatment or

26 conduct; that prior to the initiation of or performance of said

27 care, treatment, procedure or conduct no opportunity was afforded

28 the Plaintiff or any authorized agent of the Plaintiff to

1   exercise voluntary, knowledgeable and informed consent to said

2   care, treatment, procedure or conduct.

3       15.   Prior to January 3, 2013, the date of TYANA MARIE

4   SEDANO'S birth, and thereafter, MARIA HERNANDEZ employed Clinica

5   Sierra Vista Clinic Sierra Vista, and its employees and agents,

6   including, but not limited to Doreen Yuki Takordoro, D.O.,

7   Chibuikie Enyereibe Anucha, M.D., to diagnose and treat her

8   condition of pregnancy and to do all things necessary for her

9   care and the care of her baby, TYANA MARIE SEDANO, including, but

10  not limited to, pre-delivery care, the delivery, and post-

11  delivery care.

12      16.   While minor Plaintiff TYANA MARIE SEDANO was under the

13  sole and exclusive care and control of the Defendant, and each of

14  them, Defendant and its agents and employees, negligently,

15  carelessly and unskillfully selected various hospitals and

16  physicians and other health care providers, negligently

17  delivered, examined, treated, cared for, diagnosed, operated

18  upon, attended and otherwise handled and controlled the minor

19  Plaintiff herein, thereby proximately causing injuries and

20  damages to the minor Plaintiff, including but not limited to

21  severe neurological injuries and brain damage.

22      Said acts of negligence include, but are not limited to the

23  following acts and omissions: Maria Hernandez, the mother of

24  Claimant Tyana Sedano, began prenatal care with Clinica Sierra

25  Vista, at 4 months gestation. The prenatal care was normal and

26  there were no complications or anomalies reported. Ms. Hernandez

27  presented to Kern Medical Center, for delivery on January 2,

28  2013, at 10:50 am. She was not in active labor and was told to

Law Offices
of
Bruce G. Fagel
&
Associates

1  walk to induce labor. She returned in the afternoon and was
2  admitted at 5 cm cervical dilatation. She had previously given
3  birth to 2 prior children both normal and in good health. At 3:25
4  am, on January 3, 2013, Mrs.Hernandez was at 9 cm cervical
5  dilatation and remained at 9 cm as of 8:30 a.m., five hours
6  later. The health care providers including Drs. Anucha and
7  Takodoro, failed to appreciate an arrest of labor. In addition,
8  they and the staff negligently failed to appreciate and timely
9  intervene to address obvious signs of uterine rupture and fetal
10 distress, thereby leading to a delayed delivery of the minor by
11 cesarean section. Tyana Marie Sedano was born with APGAR scores
12 of 0,2,3, and 3 with a cord blood pH of 6.5 demonstrating severe
13 acidemia.

14     17.  As a legal result of the negligence of the Defendant,
15 the minor Plaintiff was injured in health, strength and activity,
16 sustaining severe shock, and injury to the body, all of which
17 said injuries have caused and continue to cause Plaintiff great
18 physical, emotional, and nervous pain and suffering, and which
19 said injuries Plaintiff is informed and believes, and thereon
20 alleges, will result in loss of earnings, permanent disability,
21 loss of enjoyment of life, and impairment of earning capacity.

22     18.  As a further legal result of the negligence of the
23 Defendant and its agents and employees, and the resulting
24 injuries to the Plaintiff, said Plaintiff was compelled to, and
25 did, incur expenses for medical and surgical attention,
26 hospitalization, nursing, medication and incidentals for said
27 Plaintiff in an amount unknown to Plaintiff at present.

28     19.  As a further legal result of the negligence of the

Law Offices
*of*
Bruce G. Fagel
&
Associates

G:\SEDANO-FEDERAL\SEDANO-FEDERAL-COMPLAINT.wpd          Complaint for Damages for Medical Malpractice

1  Defendant, and of the resulting injuries, Plaintiff will be

2  obliged to incur expenses for medical care and hospitalization

3  for an indefinite period in the future and to pay for these

4  expenses in the treatment and relief of injuries for medical and

5  surgical attention, hospitalization, nursing, medication, and

6  incidentals for said Plaintiff in an amount unknown to Plaintiff

7  at present.

8      20.  As a further legal result of the negligence of the

9  Defendant, Plaintiff will suffer a decreased earnings and earning

10 capacity in the future and future earnings to Plaintiff's further

11 damage in a sum unknown at present.

12                              II.

13 <u>PLAINTIFF MARIA HERNANDEZ ALLEGES FOR A SEPARATE AND</u>

14 <u>DISTINCT CAUSE OF ACTION FOR NEGLIGENCE AGAINST</u>

15 <u>DEFENDANT AS FOLLOWS:</u>

16     21.  Plaintiff MARIA HERNANDEZ repeats and repleads each and

17 every allegation contained in each of the preceding paragraphs

18 and incorporates the same herein by reference.

19     22.  At all times herein mentioned, the Plaintiff was in the

20 exclusive control of the said Defendant and that at no time prior

21 to the events, conduct, activities, care and treatment herein

22 complained of did the said Defendant obtain knowledgeable,

23 informed consent for said care, treatment or conduct; that prior

24 to the initiation of or performance of said care, treatment,

25 procedure or conduct no opportunity was afforded the Plaintiff or

26 any authorized agent of the Plaintiff to exercise voluntary,

27 knowledgeable and informed consent to said care, treatment,

28 procedure or conduct.

Law Offices
*of*
Bruce G. Fagel
&
Associates

Complaint for Damages for Medical Malpractice

O:\SEDANO-FEDERAL\SEDANO-FEDERAL-COMPLAINT.wpd

23.   Prior to January 3, 2013, the date of TYANA MARIE SEDANO'S birth, and thereafter, MARIA HERNANDEZ employed said Defendant to diagnose and treat her condition of pregnancy and to do all things necessary for her care, including, but not limited to, pre-delivery care, the delivery and post-delivery care.

24.   While Plaintiff MARIA HERNANDEZ was under the sole and exclusive care and control of the said Defendant, Defendant, negligently, carelessly and unskillfully delivered, examined, treated, cared for, diagnosed, operated upon, attended and otherwise handled and controlled the Plaintiff herein, thereby proximately causing injuries and damages to Plaintiff, including, but not limited to a ruptured uterus.

25.   As a legal result of the negligence of the Defendant, Plaintiff was injured in her health, strength and activity, sustaining severe shock, and injury to Plaintiff's body, all of which said injuries have caused and continue to cause Plaintiff great physical, emotional, and nervous pain and suffering, and which said injuries Plaintiff is informed and believes, and thereon alleges, will result in loss of earnings, permanent disability, loss of enjoyment of life, and impairment of earning capacity.

26.   As a further legal result of the negligence of the Defendant, and the resulting injuries to the Plaintiff, said Plaintiff was compelled to, and did, incur expenses for medical and surgical attention, hospitalization, nursing, medication and incidentals for said Plaintiff in an amount unknown to Plaintiff at present.

27.   As a further legal result of the negligence of the

Law Offices
of
Bruce G. Fagel
&
Associates

10

1  Defendant, and of the resulting injuries, Plaintiff will be

2  obliged to incur expenses for medical care and hospitalization

3  for an indefinite period in the future and to pay for these

4  expenses in the treatment and relief of injuries for medical and

5  surgical attention, hospitalization, nursing, medication, and

6  incidentals for said Plaintiff in an amount unknown to Plaintiff

7  at present.

8      28.  As a further legal result of the negligence of the

9  Defendant, Plaintiff MARIA HERNANDEZ has suffered loss of

10  earnings and will suffer a decreased earning capacity in the

11  future and future earnings to Plaintiff's further damage in a sum

12  unknown at present.

13                          III.

14      **PLAINTIFF MARIA HERNANDEZ ALLEGES FOR A SEPARATE AND**

15      **DISTINCT CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF**

16      **EMOTIONAL DISTRESS AGAINST DEFENDANT AS FOLLOWS:**

17      29.  Plaintiff MARIA HERNANDEZ repeats and repleads each

18  and every allegation contained in the preceding paragraphs and

19  incorporates the same herein by reference.

20      30.  At all times herein mentioned, MARIA HERNANDEZ was

21  the other of TYANA MARIE SEDANO, the minor Plaintiff, and was

22  and is under a duty to care for the minor child herein.

23  Plaintiff MARIA HERNANDEZ employed said Defendant to care for

24  and treat herself and her minor child, TYANA MARIE SEDANO

25  during the pregnancy, labor and delivery.

26      31.  At all times mentioned, said Defendant was under a

27  legal duty to Plaintiff with respect to the care and treatment

28  of the child, TYANA MARIE SEDANO while the child was a patient

Law Offices
of
Bruce G. Fagel
&
Associates

Complaint for Damages for Medical Malpractice

O:\SEDANO-FEDERAL\SEDANO-FEDERAL-COMPLAINT.wpd

in the said clinic and under the care of the said health care providers, the agents and employees of Defendant.

Said Defendant treated and cared for both the minor and MARIA HERNANDEZ during the labor and delivery of MARIA HERNANDEZ and thereafter.

32.   At all times mentioned, there existed a close relationship between Plaintiff MARIA HERNANDEZ and TYANA MARIE SEDANO namely, mother and child, and said Defendant was aware of this close relationship when it agreed to care for the child. It was foreseeable that Plaintiff MARIA HERNANDEZ would be damaged directly by negligent acts or omissions to act and committed upon the child. Said Defendant was aware that Plaintiff MARIA HERNANDEZ was concerned about the physical well being of her child when Defendant agreed to treat both the child and mother.

33.   It was reasonably foreseeable and easily predictable that any acts of negligence by the Defendant or its agents or employees that would injure the child would lead to serious emotional distress in Plaintiff MARIA HERNANDEZ. Because the risk of harm to the Plaintiff was reasonably foreseeable and easily predictable, Defendant owed Plaintiff a duty to exercise due care in diagnosing, caring for, and treating Plaintiff's child, TYANA MARIE SEDANO. This is especially true as Defendant agreed to and did treat both MARIA HERNANDEZ and TYANA MARIE SEDANO at the same time.

34.   Said Defendant in disregard of the probability that its actions would cause severe emotional distress, in failing to provide the necessary medical treatment to Plaintiff MARIA

Complaint for Damages for Medical Malpractice

Law Offices
of
Bruce G. Fagel
&
Associates

HERNANDEZ and her child, caused Plaintiff MARIA HERNANDEZ severe emotional distress arising from the abnormal event of participating in a negligent delivery and reacting to the tragic outcome with fright nervousness and shock, grief, anxiety, worry, mortification, shock, humiliation and indignity.

35.   These damages for emotional distress accrued separately, and at separate times and upon different facts, from Plaintiff MARIA HERNANDEZ's previous cause of action for negligence from which she suffered physical injuries, a ruptured uterus, and pain and suffering during the negligently conducted labor and delivery.

36.   As a further legal result of the negligence of the Defendant, and of the resulting injuries, Plaintiff will be obliged to incur expenses for medical care and hospitalization for an indefinite period in the future and to pay for these expenses in the treatment and relief of injuries for medical and surgical attention, hospitalization, nursing, medication, and incidentals for said Plaintiff in an amount unknown to Plaintiff at present.

37.   As a further legal result of the negligence of the Defendant, Plaintiff has suffered loss of earnings and will suffer a decreased earning capacity in the future and future earnings to Plaintiff's further damage in a sum unknown at present.

38.   By reason of the negligence of said Defendant and its employees and agents, Plaintiff MARIA HERNANDEZ suffered severe and serious emotional distress and shock and injury to her

Law Offices
*of*
Bruce G. Fagel
&
Associates

G:\SEDANO-FEDERAL\SEDANO-FEDERAL-COMPLAINT.wpd                Complaint for Damages for Medical Malpractice

nervous system and body, all to her general damage in a sum within the jurisdiction of this Court and pursuant to *Burgess v. Superior. Court* (1992) 2 Cal.4th 1064.

IV.

**PLAINTIFF MIGUEL SEDANO ALLEGES FOR A SEPARATE AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM AGAINST DEFENDANT, AS FOLLOWS:**

39. Plaintiff MIGUEL SEDANO repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference as to said Defendant.

40. At all times herein mentioned, MARIA HERNANDEZ and MIGUEL SEDANO were married and are husband and wife.

41. As a direct and proximate result of the aforesaid conduct of Defendants, and each of them, and the resultant injuries to Plaintiff MARIA HERNANDEZ, Plaintiff has suffered and is reasonably certain to suffer in the future the loss of consortium, love, companionship, comfort, affection, society, solace, moral support, enjoyment of sexual relations and physical assistance in the operation and maintenance of the home.

WHEREFORE, Plaintiffs pray for damages against the Defendant UNITED STATES OF AMERICA, as follows:

I. FOR THE CAUSE OF ACTION FOR NEGLIGENCE FOR PLAINTIFF TYANA MARIE SEDANO A MINOR:

1.   General damages, according to proof;

2.   Past and future medical expenses, according to proof;

3.   For loss of future earning and earning
     capacity, according to proof;

Law Offices
*of*
Bruce G. Fagel
&
Associates

Complaint for Damages for Medical Malpractice

4.     Costs of suit incurred herein, and

5.     For such other and further relief as to the Court
       appears just and proper.

II. FOR THE CAUSE OF ACTION FOR NEGLIGENCE FOR PLAINTIFF

MARIA HERNANDEZ:

1.     General damages, according to proof;

2.     Past and future medical expenses, according to proof;

3.     For loss of past and future earning and earning
       capacity, according to proof;

4.     Costs of suit incurred herein, and

5.     For such other and further relief as to the Court
       appears just and proper.

III. FOR THE CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF

EMOTIONAL DISTRESS FOR PLAINTIFF MARIA HERNANDEZ:

1.     General damages, according to proof;

2.     Special damages, according to proof;

3.     Costs of suit incurred herein, and

4.     For such other and further relief as to the Court
       appears just and proper.

IV. FOR THE CAUSE OF ACTION FOR LOSS OF CONSORTIUM FOR

PLAINTIFF MIGUEL SEDANO:

1.     General damages, according to proof;

2.     Special damages, according to proof;

3.     Costs of suit incurred herein, and

4.     For such other and further relief as to the Court
       appears just and proper.

DATED: February 7, 2014          Law Offices of Bruce G. Fagel and
                                 Associates

1

2          By: _____

3              Bruce G. Fagel
               Attorneys for Plaintiffs
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages for Medical Malpractice

# EXHIBIT A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 6-30-01 |
|---|---|---|

**1. Submit To Appropriate Federal Agency:**
Department of Health and Human Services
General Law Division, Claims Office
330 Independence Avenue, SW, Room 4256
Wilbur J. Cohen Federal Building
Washington, DC 20201

**2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State, and Zip Code)**
Tyana Sedano
c/o Law Offices of Bruce G. Fagel and Associates
100 N. Crescent Drive #360
Beverly Hills, CA 90210

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 01/03/13 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT 1/03/13 Thu | 7. TIME (A.M. OR P.M.) 10:50 am |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof.) (Use additional pages if necessary.)
Maria Hernandez, the mother of Claimant Tyana Sedano, started Prenatal Care with Clinica Sierra Vista, in Bakersfield, Kern County, California, a federally funded rural health clinic, at 4 months gestation. Prenatal care was normal and there were no complications or anomalies reported. Ms. Hernandez presented to Kern Medical Center, also in Bakersfield, California, for delivery on Jan 2, 2013, at 10:50 am. She was not in active labor and was told to walk to induce labor. She returned in the afternoon and was admitted at 5 cm cervical dilatation. She had previously given birth to 2 prior children both normal and in good health. At 3:25 am, on Jan. 3, 2013, Ms. Hernandez was at 9 cm cervical dilatation and remained at 9 cm as of 8:30 a.m., five hours later. The health care providers including Drs. Anucha and Takodoro, employees of Clinica Sierra Vista, negligently failed to appreciate an arrest of dilation. In addition, they and the staff negligently failed to appreciate and timely intervene to address obvious signs of uterine rupture and fetal distress thereby leading to delayed deliveryof the child by C section. Tyana Sedano, was born with APGAR scores of 0,2,3 and 3 and cord blood showed a pH of 6.5 demonstrating severe acidemia.Employees of federally funded health centers are deemed to be federal employees under section 224 of the Public Health Services Act of 1992 and 1995.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, and Zip Code)
No property damage.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE, AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)
No property damage.

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
Had the child, claimant Tyana Sedano, been delivered earlier as required by the standard of care, the child would not have suffered irreversible brain injury. The child was transferred to Children's Hospital Central California and underwent hypothermia for severe perinatal asphyxia. EEG studies and an MRI of the brain were severely abnormal and were consistent with perinatal asphyxia.Tyana Sedano depends on a gastrostomy tube for nutrition and is suctioned repeatedly every day to remove copious secretions. She will require lifelong, skilled nursing care due to the negligence. She will have a complete loss of earnings and earning capacity as well as pain and suffering her entire lifetime.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Maria Hernandez (mother) | c/o Law Offices of Bruce Fagel: 100 N. Crescent Dr. #360, Beverly Hills, CA 90210 |
| Miguel Sedano (father) | c/o Law Offices of Bruce Fagel: 100 N. Crescent Dr. #360, Beverly Hills, CA 90210 |
| Doreen Tadokoro, D.O. | c/o Clinica Sierra Vista: 815 Martin Luther King Blvd., Bakersfield, CA 93307 |
| Chibuike Anucha, M.D. | c/o Clinica Sierra Vista: 815 Martin Luther King Blvd., Bakersfield, CA 93307 |

**12. (See instructions on reverse.)   AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY $25,000,000.00 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $25,000,000.00 |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13 a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Eduardo Ascencio Attorney for Claimant | 13b. Phone Number of Signatory (310) 281-8700 | 14. DATE OF CLAIM 08/05/13 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-108                              NSN 7540-00-634-4046
Previous editions not usable

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to the requested information or to execute the form may render your claim

## INSTRUCTIONS

### Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A __SUM CERTAIN__ FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item #12 of this form.

The amount claimed should be substantiated by competent evidence as

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN __TWO YEARS__ AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or if payment has made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit ments as to the original cost of the property, the date of purchase, and the value property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid." A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

__Failure to specify a sum certain will result in invalid presentation of your and may result in forfeiture of your rights.__

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other of this collection of information, including suggestions for reducing this burden, to Director, Torts Branch

Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or

| | |
|---|---|
| 15. Do you carry accident insurance? ☒ Yes If yes, give name and address of insurance company *(Number, Street, City, State, and Zip Code)* and policy | ☒ No |

Med-Cal provides partial medical coverage.

| | |
|---|---|
| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? Medi-Cal. | 17. If deductible, state amount. |

18. If claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? *(It is necessary that you ascertain these facts.)*
Medi-Cal has provided some medical coverage. Amounts are unknown.

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier *(Number, Street, City, State, and Zip Code)*. ☒ No

✎ SF 95 (Rev. 7-85) BACK

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 6-30-01 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.) (Number, Street, City, State, and Zip Code)* |
|---|---|
| Department of Health and Human Services<br>General Law Division, Claims Office<br>330 Independence Avenue, SW, Room 4256<br>Wilbur J. Cohen Federal Building<br>Washington, DC 20201 | Maria Hernandez<br>c/o Law Offices of Bruce G. Fagel and Associates<br>100 N. Crescent Drive #360<br>Beverly Hills, CA 90210 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 02/10/88 | Married | 1/02/13 and 1/03/13 Thu | 10:50 am |

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place occurrence and the cause thereof.) (Use additional pages if necessary.)*

Claimant Maria Hernandez, the mother of Tyana Sedano, started Prenatal Care with Clinica Sierra Vista, in Bakersfield, Kern County, California, a federally funded rural health clinic, at 4 months gestation. Prenatal care was normal and there were no complications or anomalies reported. Ms. Hernandez presented to Kern Medical Center, also in Bakersfield, California, for delivery on Jan 2, 2013, at 10:50 am. She was not in active labor and was told to walk to induce labor. She returned in the afternoon and was admitted at 5 cm cervical dilatation. She had previously given birth to 2 prior children both normal and in good health. At 3:25 am, on Jan. 3, 2013, Ms. Hernandez was at 9 cm cervical dilatation and remained at 9 cm as of 8:30 a.m., five hours later. The health care providers including Drs. Anucha and Takodoro, employees of Clinica Sierra Vista, negligently failed to appreciate an arrest of labor. In addition, they and the staff negligently failed to appreciate and timely intervene to address obvious signs of uterine rupture and fetal distress thereby leading to delayed delivery of the child by C section. Tyana Sedano, was born with APGAR scores of 0,2,3 and 3 and cord blood showed a pH of 6.5 demonstrating severe acidemia. Employees of federally funded health centers are deemed to be federal employees under section 224 of the Public Health Services Act of 1992 and 1995.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, Street, City, State, and Zip Code)*

No property damage.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE, AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

No property damage.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Claimant suffered a ruptured uterus and extended pain and suffering. She additionally suffered emotional distress, over and beyond the emotional distress from the ruptured uterus, because of her concern for her child,during the negligently conducted labor and delivery, pursuant to Burgess v. Superior. Court (1992) 2 Cal.4th 1064. She also incurred medical expenses and will in the future, as well as loss of earnings and earning capacity and be unable to provide household services.

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS *(Number, Street, City, State, and Zip Code)* |
|---|---|
| Maria Hernandez (mother)<br>Miguel Sedano (father)<br>Doreen Tadokoro, D.O.<br>Chibuike Anucha, M.D. | c/o Law Offices of Bruce Fagel: 100 N. Crescent Dr. #360, Beverly Hills, CA 90210<br>c/o Law Offices of Bruce Fagel: 100 N. Crescent Dr. #360, Beverly Hills, CA 90210<br>c/o Clinica Sierra Vista: 815 Martin Luther King Blvd., Bakersfield, CA 93307<br>c/o Clinica Sierra Vista: 815 Martin Luther King Blvd., Bakersfield, CA 93307 |

| 12. *(See instructions on reverse.)* | AMOUNT OF CLAIM *(in dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>- - - - - - - - - - - - - - - - | 12b. PERSONAL INJURY<br>$600,000 | 12c. WRONGFUL DEATH<br>- - - - - - - - - - - - - - - - | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)*<br>$600,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)*<br>Eduardo Ascencio   Attorney for Claimant | 13b. Phone Number of Signatory<br>(310) 281-8700 | 14. DATE OF CLAIM<br>08/02/13 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Imprisonment for not more than five years and shall be subject to a fine of not than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 18 U.S.C.A. 287.)* |

95-108<br>Previous editions not usable                   NSN 7540-00-634-4046

**STANDARD FORM 95 (Rev. 7-85)**<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to the requested information or to execute the form may render your claim

## INSTRUCTIONS

### Complete all Items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item #12 of this form.

The amount claimed should be substantiated by competent evidence as

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or if payment has made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit ments as to the original cost of the property, the date of purchase, and the value property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid." A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or

15. Do you carry accident insurance?  [X] Yes  If yes, give name and address of insurance company *(Number, Street, City, State, and Zip Code)* and policy   [ ] No

Med-Cal provides partial medical coverage.

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

Medi-Cal.

17. If deductible, state amount.

18. If claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? *(It is necessary that you ascertain these facts.)*
Medi-Cal has provided some medical coverage. Amounts are unknown.

19. Do you carry public liability and property damage insurance?  [ ] Yes  If yes, give name and address of insurance carrier *(Number, Street, City, State, and Zip Code)*.
[X] No

**\* U.S. GOVERNMENT PRINTING OFFICE: 1989–241-175**

✎ SF 95 (Rev. 7-85) BACK

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 6-30-01 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State, and Zip Code) |
|---|---|
| Department of Health and Human Services General Law Division, Claims Office 330 Independence Avenue, SW, Room 4256 Wilbur J. Cohen Federal Building Washington, DC 20201 | Miguel Sedano c/o Law Offices of Bruce G. Fagel and Associates 100 N. Crescent Drive #360 Beverly Hills, CA 90210 |

| 3. TYPE OF EMPLOYMENT □ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 09-18-1987 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT 1/02/13 and 1/03/13 Thu | 7. TIME (A.M. OR P.M.) 10:50 am |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof.) (Use additional pages if necessary.)

Claimant Miguel Sedano the husband of Maria Hernandez, claims the loss of his wife's consortium and loss of her household services. She started Prenatal Care with Clinica Sierra Vista, in Bakersfield, Kern County, Ca., a federally funded rural health clinic, at 4 months gestation. Prenatal care was normal and there were no complications or anomalies reported. Ms. Hernandez presented to Kern Medical Center, also in Bakersfield, California, for delivery on Jan 2, 2013, at 10:50 am. She was not in active labor and was told to walk to induce labor. She returned in the afternoon and was admitted at 5 cm cervical dilatation. At 3:25 am, on Jan. 3, 2013, Ms. Hernandez was at 9 cm cervical dilatation and remained at 9 cm as of 8:30 a.m., five hours later. The health care providers including Drs. Anucha and Takodoro, employees of Clinical Sierra Vista, negligently failed to appreciate an arrest of labor. In addition, they and the staff negligently failed to appreciate and timely intervene to address obvious signs of uterine rupture. Employees of federally funded health centers are deemed to be federal employees under section

224 of the Public Health Services Act of 1992 and 1995.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)

No property damage.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE, AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

No property damage.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Claimant Miguel Sedano claims the loss of his wife's consortium and household services because she suffered a ruptured uterus and extended pain and suffering.

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Maria Hernandez (mother) Miguel Sedano (father) Doreen Tadokoro, D.O. Chibuike Anucha, M.D. | c/o Law Offices of Bruce Fagel: 100 N. Crescent Dr. #360, Beverly Hills, CA 90210 c/o Law Offices of Bruce Fagel: 100 N. Crescent Dr. #360, Beverly Hills, CA 90210 c/o Clinica Sierra Vista: 815 Martin Luther King Blvd., Bakersfield, CA 93307 c/o Clinica Sierra Vista: 815 Martin Luther King Blvd., Bakersfield, CA 93307 |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE - - - - - - - - - - - - - - | 12b. PERSONAL INJURY $250,000 | 12c. WRONGFUL DEATH - - - - - - - - - - - - - - | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $250,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Eduardo Acencio  Attorney for Claimant | 13b. Phone Number of Signatory (310) 281-8700 | 14. DATE OF CLAIM 08/05/13 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-108
Previous editions not usable

NSN 7540-00-634-4046

⬧STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to the requested information or to execute the form may render your claim

## INSTRUCTIONS

**Complete all items – Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item #12 of this form.

The amount claimed should be substantiated by competent evidence as

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or if payment has made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit ments as to the original cost of the property, the date of purchase, and the value property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid." A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
    Civil Division
    U.S. Department of Justice
    Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or

| | |
|---|---|
| 15. Do you carry accident insurance? ☐ Yes  If yes, give name and address of insurance company *(Number, Street, City, State, and Zip Code)* and policy | ☒ No |

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

No.

17. If deductible, state amount.

18. If claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? *(It is necessary that you ascertain these facts.)*

19. Do you carry public liability and property damage insurance?  ☐ Yes  If yes, give name and address of insurance carrier *(Number, Street, City, State, and Zip Code)*.
☒ No

**\* U.S. GOVERNMENT PRINTING OFFICE: 1989–241-175**

SF 95 (Rev. 7-85) BACK

# EXHIBIT B



**DEPARTMENT OF HEALTH & HUMAN SERVICES**     OFFICE OF GENERAL COUNSEL
General Law Division

330 Independence Avenue, S.W., Room 4760
MAIL STOP:  CAPITOL PLACE
Washington, D.C.  20201

<u>CERTIFIED - RETURN
RECEIPT REQUESTED</u>

JAN 3 1 2014

Eduardo J. Ascencio, Esquire
Law Offices of Bruce G. Fagel and Associates
100 North Crescent Drive, Suite 360
Beverly Hills, California 90210

     RE:    **Administrative Claims of:  Maria Hernandez, Mother
of Tyana Marie Sedano, minor, 2013-0489; Maria
Hernandez, 2013-0490; and Miguel Sedano, 2013-0491**

Dear Mr. Ascencio:

On August 12, 2013, you filed three administrative tort claims under the
Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-
2680, alleging, *inter alia,* that employees at the Clinica Sierra Vista, in
Bakersfield, California, provided negligent labor and delivery care to
Maria Hernandez in not timely performing a c-section on January 3, 2013.
As a result, the infant, Tyana Marie Sedano, sustained severe brain
injuries.

The FTCA authorizes the settlement of any claim of money damages against
the United States for, *inter alia,* injury or death caused by the
negligent, or wrongful, act or omission of any employee of the Federal
Government, while acting within the scope of employment.  Under the FTCA,
said act or omission must be such that the United States, if a private
person, would be liable to the claimant in accordance with the law of the
place where the act or omission occurred.  28 U.S.C. § 2672.

This letter constitutes the notice of final determination on these claims,
as required by 28 U.S.C. § 2401(b), 2675(a).  Your clients' claims are
denied.  The evidence fails to establish that the alleged injuries were
due to the negligent or wrongful act or omission of a federal employee
acting within the scope of employment.

If your clients are dissatisfied with this determination, they may:

   1. file a written request with the agency for reconsideration of the
final determination denying the claim within six (6) months from the
date of mailing of this determination (28 C.F.R. § 14.9); or

2. file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event your clients request reconsideration, the agency will review the claims within six (6) months from the date the request is received. If the reconsidered claims are denied, your clients may file suit within six (6) months from the date of mailing of the final determination.

Sincerely,

*William A. Biglow (MTB)*

William A. Biglow
Acting Deputy Associate General Counsel
Claims and Employment Law Branch

# EXHIBIT C

CIV-010

**ATTORNEY** *(Name, State Bar number, and address):*
Law Offices of Bruce G. Fagel and Associates
100 North Crescent Drive Suite 360
Beverly Hills, California 90210

FOR COURT USE ONLY

**ENDORSED**

TELEPHONE NO.: (310) 281-8700   FAX NO. *(Optional):* (310) 281-5656
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff, Tyana Sedano, a minor

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** KERN
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS: Bakersfield, California 93301-4172
CITY AND ZIP CODE:
BRANCH NAME:

**FILED**
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

JUL 2 9 2013

TERRY McNALLY, CLERK
BY_____ DEPUTY

PLAINTIFF/PETITIONER: TYANA SEDANO, a minor by and
through her Guardian ad Litem, MARIA HERNANDEZ
DEFENDANT/RESPONDENT: COUNTY OF KERN dba KERN COUNTY
MEDICAL CENTER

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**
[X] **EX PARTE**

CASE NUMBER:
S-1500-CV-279904  LHB

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* Maria Hernandez                               is
   a. [x] the parent of *(name):* Tyana Sedano
   b. [ ] the guardian of *(name):*
   c. [ ] the conservator of *(name):*
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented *(if the minor is 14 years of age or older).*
   f. [ ] another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Maria Hernandez
   1417 Quincy Street
   Bakersfield, California 93305 Telephone No. (661) 578-9679

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   Tyana Sedano
   1417 Quincy Street
   Bakersfield, California 93305 Telephoen No. (661) 578-9679

4. The person to be represented is:
   a. [X] a minor *(date of birth):* January 3, 2013
   b. [ ] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [x] the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
   Medical malpratice resulting in severe and permanent brain injury to
   minor child at birth.

[ ] Continued on Attachment 5a.

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

Page 1 of 2

Legal Solutions Plus

Code of Civil Procedure,
§ 372 et seq.

CIV-0

| PLAINTIFF/PETITIONER:   TYANA SEDANO, a minor<br>GAL MARIA HERNANDEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   COUNTY OF KERN | |

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☒ the appointment of a guardian ad litem is necessary for the following reasons *(specify)*:

Plaintiff Tyana Sedano is a minor 6 months of age whereby we are seeki the Court to appoint the minor child's mother, Maria Hernandez as guar ad litem.

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:

a. ☒ related *(state relationship)*:   Mother

b. ☐ not related *(specify capacity)*:

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed)*:

☐ Continued on Attachment 7.

Bruce G. Fagel
**(TYPE OR PRINT NAME)**                                        **(SIGNATURE OF ATTORNEY)**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   July 23, 2013

MARIA HERNANDEZ
**(TYPE OR PRINT NAME)**                                        **(SIGNATURE OF APPLICANT)**

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date:   July 23, 2013

MARIA HERNANDEZ
**(TYPE OR PRINT NAME)**                                        **(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)**

### ORDER   ☒ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name)*:   MARIA HERNANDEZ

is hereby appointed as the guardian ad litem for *(name)*:   TYANA SEDANO

for the reasons set forth in item 5 of the application.

Date:

LORNA H. BRUMFIELD
**JUDICIAL OFFICER**

JUL 2 9 2013

☐ SIGNATURE FOLLOWS LAST ATTACHMENT