# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TYANA MARIE SEDANO, a minor, by and through her guardian ad litem, MARIA HERNANDEZ, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | 1:14-cv-142-LJO-JLT<br><br>**MEMORANDUM DECISION AND ORDER RE MOTIONS IN LIMINE (Docs. 37, 38, 39, 40, 41**) |

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Maria Hernandez and Miguel Sedano, on behalf of their daughter, Tyana Marie Sedano (collectively, "Plaintiffs"), and themselves, bring this suit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., against the United States ("the Government"). Plaintiffs allege that Chibuike Anucha, M.D., and Doreen Tadokoro, M.D., employees of the federally funded Clinica Sierra Vista ("CSV"), provided negligent medical care during Maria's pregnancy with and delivery of Tyana, which resulted in serious, life-long injuries to Tyana. *See generally* Doc. 1; Doc. 29 at 5. The Government denies Plaintiffs' claims and contends all of the medical care Maria and Tyana received met the applicable standard of care. *See* Doc. 29 at 2.

The matter is set for a bench trial on March 22, 2016. Currently before the Court are four motions in limine from Plaintiffs, and one from the Government. Docs. 37-41. The Court found the matters suitable for decision on the papers and took them under submission pursuant to Local Rule 230(g). *See* Doc. 49. For the following reasons, the Court (1) GRANTS IN PART and DENIES IN PART Plaintiffs' second and fourth motions in limine (Docs. 38, 40); (2) DENIES Plaintiffs' first and

third motions in limine (Docs. 37, 39); and (3) DENIES the Government's motion in limine (Doc. 41).

## II. STANDARD OF DECISION

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored and such issues are better dealt with during trial as the admissibility of evidence arises. *See, e.g.*, *Brown v. Kavanaugh*, No. 1:08-cv-01764-LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar.18, 2013) (citing *Sperberg v. Goodyear Tire & Rubber, Co.*, 519 F.2d 708, 712 (6th Cir. 1975)); *see also In re Homestore.com, Inc.*, No. CV 01–11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan.25, 2011) (holding that motions in limine should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"). Some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine, and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. *Jonasson*, 115 F.3d at 440.

## III. ANALYSIS

**A.     Plaintiffs' Motions in Limine**

**1.     First Motion in Limine**

Plaintiffs' first motion in limine seeks to *include* "evidence regarding the cost of an Annuity purchased to fund any future damage payments, or award, as the *best evidence* of Present Cash Value

(PCV)." Doc. 37 at 1 (emphasis added). The Government opposes, arguing that it is "premature" for the Court to rule pre-trial that evidence of annuity costs is the *best* evidence of present value. *See* Doc. 45 at 2.

The Court is not in a position to rule that the cost of an annuity is the "best evidence" to prove PCV. There is no current reason to believe that it will not be allowed as evidence of PCV, assuming expert qualifications and foundation are met before opinions are rendered. Plaintiffs' motion in limine is DENIED.

### 2.     Second Motion in Limine

Plaintiffs' second motion in limine seeks to exclude evidence concerning "collateral sources" of medical benefits or payments to medical providers for Tyana. Doc. 38 at 1-2. The Government does not oppose insofar as the Government does not intend to introduce this kind of evidence with the exception of evidence concerning benefits from the Regional Center, which provides free benefits and, as such, those benefits are not an inadmissible "collateral source." Doc. 46 at 3-4.

Plaintiffs' motion is GRANTED IN PART. The free services rendered by the Regional Center do not appear to be related to the motion because no special damages were paid or encumbered for which collateral sources would pertain.

### 3.     Third Motion in Limine

Plaintiffs' third motion in limine seeks to exclude evidence concerning Tyana's life expectancy. Doc. 39 at 1. The thrust of Plaintiffs' argument is that life expectancy is irrelevant and not necessary for the Court to determine. Plaintiffs' argue that when a judgment is paid periodically under California Code of Civil Procedure § 667.7 ("§ 667.7")[1] and all payments are subject to a reversionary trust (*i.e.*, that money not used reverts back to the Government), life expectancy is irrelevant. Plaintiffs contend that to

---

[1] Section 667.7 provides that, "[i]n any action for injury or damages against a provider of health services," the Court may "enter a judgment ordering that money damages . . . be paid in whole or in part by period payments rather than by a lump-sum payment if the award equals or exceeds fifty thousand dollars ($50,000) in future damages."

3

do otherwise runs the risk of an incorrect speculation of life expectancy, and if that estimate is too low, there is a risk that the funds will run out during Tyana's lifetime.

Plaintiffs' motion is DENIED. The motion is premature at best. There has been no request of either party for periodic payments. There has been no award for any such request to pertain. There has been no award over $50,000 that would yet trigger § 667.7. There has been no agreement, nor is there any requirement for the Government to set up a reversionary trust.

**4.     Fourth Motion in Limine**

Plaintiffs' fourth motion in limine seeks to exclude certain testimony from and medical articles cited by Paul Sinkhorn, M.D., the Government's liability expert. Doc. 40 at 1. Specifically, Plaintiffs move to preclude Dr. Sinkhorn "from offering any opinions on life expectancy, damages, and life care planning." *Id.* at 2. Plaintiffs also seek to exclude any evidence concerning Plaintiffs' comparative negligence. *Id.* at 7.

The Government notes that the parties have stipulated that the Government will not assert that Plaintiffs were comparatively negligent. Doc. 48 at 1-2 (citing Doc. 36, Pre-trial Order, at ¶ 14). Likewise, the Government notes that Dr. Sinkhorn will not testify as to matters for which he was not retained and on which he did not opine in his reports or deposition. Accordingly, the Government contends—and the Court agrees—that it is not necessary to preclude evidence that the Government does not intend to admit. The Court will not allow testimony from an expert that exceeds the matters for which he/she was retained and on which he/she expressed opinions in reports or by deposition. Plaintiffs' motion therefore is DENIED in part.

Plaintiffs also seek to exclude the following medical articles Dr. Sinkhorn cited:

1. "Obstetric Care Consensus: Safe Prevention of the Primary Cesarean Delivery"
2. "Rupture of the Unscarred Uterus"
3. "Uterine Rupture in Women Attempting a Vaginal Birth Following Cesarean Birth"
4. "Uterine Rupture: Risk Factors and Pregnancy Outcomes"
5. "Neonatal Morbidity Associated with Uterine Rupture: What Are the Risk Factors"
6. An excerpt from the textbook *Williams Obstetrics*.

The Government opposes excluding any of the articles. Doc. 48 at 5.

With regard to the first two articles, Plaintiffs' motion is DENIED. Although they were published after Tyana's birth, contrary to Plaintiffs' suggestion, they have relevance by citing pre-birth events and standards and findings.

With regard to the third, fourth, and fifth articles, Plaintiffs' motion is GRANTED to the extent the discussions, opinions, and conclusion are *limited to* uterine rupture *only* after Cesarean delivery. Otherwise, the Court's ruling on the motion is deferred until the experts testify about the potential broader aspects of the articles that may be relevant to the instant circumstances.

With regard to the *Williams* textbook, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART. The mention of dystocia is irrelevant and is excluded. The broader text is relevant and is not excluded.

**B.    The Government's Motion in Limine**

The Government moves to exclude cumulative testimony from Plaintiffs' expert witnesses Frank A. Manning, M.D., and Albert J. Phillips, M.D. Doc. 41 at 1.[2] The Government contends these experts will both testify as to whether Drs. Anucha and Tadokoro breached the appropriate standard of care and whether their alleged breach of that standard caused any injury. *Id.* at 1.

The Government's motion is DENIED due to Plaintiffs' representation in their opposition to the motion that Dr. Manning will testify to causation, while Dr. Phillips will testify to negligence and the breach of care. *See* Doc. 44 at 2.

**IV. CONCLUSION AND ORDER**

For the foregoing reasons, the Court (1) GRANTS IN PART and DENIES IN PART Plaintiffs' second and fourth motions in limine (Docs. 38, 40); (2) DENIES Plaintiffs' first and third motions in

---

[2] The Government also moved to exclude testimony from Richard H. Paul, M.D. Doc. 41 at 1. After the Government filed its motion in limine, however, Plaintiff withdrew Dr. Paul as an expert witness. Doc. 43. The Government's motion to exclude his testimony therefore is DENIED AS MOOT.

1  limine (Docs. 37, 39); and (3) DENIES the Government's motion in limine (Doc. 41).

3  IT IS SO ORDERED.

4     Dated: __**February 10, 2016**__        __/s/ Lawrence J. O'Neill__
                                                       UNITED STATES DISTRICT JUDGE