# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYANA MARIE SEDANO, a minor, by and through her guardian ad litem, MARIA HERNANDEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 1:14-cv-192-LJO-JLT<br><br>MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S APPLICATION FOR COURT APPROVAL OF SETTLEMENT OF ACTION (Doc. 55) |

Plaintiff Tyana Sedano, a minor, through her guardian ad litem, Maria Hernandez, applies to the Court for an order approving her settlement with Defendant United States of America. Doc. 55. Plaintiff requests that the Court do so without a hearing under Local Rule 202(b)(1). *Id.* at 1.

Tyana was born at Clinica Sierra Vista, a federally supported clinic. *Id.* at 2. This case concerns Plaintiffs' allegations that Defendant's negligence and medical malpractice during Tyana's birth caused her to suffer severe neurological injuries and brain damage. *Id.* at 2. Based on those allegations, Plaintiffs filed this case and an action in California state court. *Id.*

In April 2015, the Superior Court for the County of Kern approved the parties' settlement in the state court case. *Id.* at 3. Approximately one year later, Plaintiffs and Defendant reached a settlement agreement in this case. *Id.* The parties petitioned the Superior Court for an order approving the settlement so that the agreed-upon amount could be deposited into a Special Needs Trust for Tyana. *Id.* at 4. On April 22, 2016, the Superior Court granted the petition. *Id.*

Plaintiffs now move for an order from the Court approving the parties' settlement under Local

Rule 202(b), which provides that "[n]o claim by or against a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise." *Id.* at 5. Local Rule 202(b)(1) further provides that in actions involving a minor plaintiff represented by an appointed representative, such as Plaintiff's guardian ad litem, Ms. Hernandez, any "settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative." If the state court approves the settlement, "a copy of the order and all supporting and opposing documents filed in connection therewith shall be filed in the District Court with a copy to all parties and to the Judge or Magistrate Judge who may either approve the settlement or compromise without hearing or calendar the matter for hearing." *Id.* Local Rule 202 also requires disclosures regarding the minors involved, the nature of the controversy, the manner in which the settlement was determined, and whether a conflict of interest may exist between the minor and her attorney. Plaintiffs have complied with all the provisions of Local Rule 202. *See* Doc. 55

The Court has a duty to protect the interests of litigations who are minors. *Salmeron v. United States*, 724 F.3d 1357, 1363 (9th Cir. 1983). Accordingly, the Court must conduct its own inquiry into any settlement involving a minor litigant. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). The Court must "limit the scope of [its] review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82. Further, the Court must conduct this evaluation "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citation omitted).

The Court has reviewed the settlement and all supporting documentation, which the Court incorporates by reference, Doc. 55, and finds that the settlement should be approved and that a hearing is unnecessary under the circumstances. The settlement between Plaintiffs and the United States in the amount of $1 million dollars is fair and reasonable in light of the fact that Plaintiffs concede the

preponderance of fault lies with non-federal defendants with whom Plaintiffs have reached a separate, larger settlement. Accordingly, the Court APPROVES the settlement, as outlined in Exhibit 2 attached to Plaintiffs' application.

IT IS SO ORDERED.

    Dated: **May 2, 2016**            /s/ **Lawrence J. O'Neill**
                                                UNITED STATES CHIEF DISTRICT JUDGE